BLANK ROME LLP
Attorneys for Defendants
HUA DAO SHIPPING (FAR EAST) LTD.
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVI TRADING CO. LTD.<br><br>     Plaintiff,<br><br>  -against-<br><br>LAND AIR & SEA TRANSPORTED LTD. and HUA DAO SHIPPING (FAR EAST) LTD.,<br><br>     Defendants. | 08 CV 5005 (LAP)<br><br>**DECLARATION OF SALEEM AHMED SHAHZADA IN SUPPORT OF MOTION TO VACATE ATTACHMENT** |

  1.  I am Saleem Ahmed Shahzada, Managing Director of Defendant Hua Dao Shipping (Far East) Ltd ("Hua Dao"), a company organized and existing under the laws of Hong Kong with an office at Unit 2506, Singga Commercial Centre, 148 Connaught Road West, Sheung Wan. I make this declaration in support of Hua Dao's motion to vacate the attachment of $958,668.72 in this matter ("Attached Funds") based on my personal knowledge and documents kept by Hua Dao in the regular course of its business.

  2.  The Attached Funds are not property of Hua Dao or of Defendant Land Air & Sea Transport, Inc. ("LAST"). Rather, the Attached Funds are property of non-party, BM Shipping Group SpA ("BM").

  3.  Hua Dao provides commercial management services to the owners and operators of oceangoing vessels in world-wide trade in exchange for a management fee. BM is a customer of Hua Dao. LAST is a customer of Hua Dao. Hua Dao's agency status is well-known and

stated clearly on Hua Dao's website, http://www.huadaohk.com/huadao/about-us. I annex as Exhibit 1 a copy of the "about us" page from Hua Dao's website.

4. I annex as Exhibit 2 a copy of the agency agreement dated February 1, 1997, between Hua Dao and BM ("BM Agency Agreement").

5. I annex as Exhibit 3 a copy of the agency agreement dated December 1, 1999, a copy of the agency agreement between Hua Dao and LAST ("LAST Agency Agreement").

6. Plaintiff Devi Trading Co., Ltd. ("Devi") is a company organized and existing under the laws of Hong Kong with an office at Unit7, 10/FL CCT Telecom Building No. 11, Wo Shing Street, Fotan, Shatin, Hong Kong.

7. As part of its duties to its principals, BM and LAST, respectively, Hua Dao charters vessels owned and/or operated by its principals and collects the freight earned under those charters. Hua Dao then accounts to BM and LAST, respectively, from time to time. Such principal/agency arrangements are absolutely common in the world of shipping and, I believe, in many other fields as well, including real estate.

8. By a "fixture note" dated August 10, 2007, LAST agreed to charter the vessel IRENE to Devi ("IRENE Charter"). Disputes arose under the IRENE Charter. Devi commenced arbitration in Singapore on or about May 13, 2008, as called for in the IRENE Charter. LAST promptly appointed its arbitrator on or about May 21, 2008, and is defending itself ("IRENE Arbitration") against the claims of Devi.

9. Devi has not commenced arbitration against Hua Dao with respect to the disputes under the IRENE Charter. Devi has made no claims against Hua Dao in the IRENE Arbitration, and Hua Dao is not a party to the IRENE Arbitration.

10. In connection with the arbitration of disputes under the IRENE Charter, Devi also

128392.00602/6682955v.1

commenced this action in New York pursuant to "Rule B" to obtain security for its claims. I have read Devi's Verified Complaint dated May 30, 2008. Devi seeks to recover the principal amount of $715,891.95, plus interest of $152,776.77, plus costs of $90,000, for a total of $958,668.72.

11. Even though Hua Dao is not a party to the IRENE Arbitration, Devi named Hua Dao as a co-defendant, with LAST, in the Rule B action in New York.

12. Devi obtained an attachment order in the amount of $958,668.72 ("Attachment Order") and served it on banks in New York.

13. On or about June 9, 2008, Wachovia Bank restrained an electronic funds transfer in the amount of $807,580.84 pursuant to the Attachment Order ("Sincomex EFT").

14. On or about June 11, 2008, JP Morgan Chase restrained an electronic funds transfer in the amount of $59,914.93 pursuant to the Attachment Order ("Parshva EFT").

15. On or about June 12, 2008, JP Morgan Chase restrained an electronic funds transfer in the amount of e amount of $256,611.00 ("BM Hope EFT").

16. Plaintiff instructed JP Morgan Chase to restrain $91,172.95 of the BM Hope EFT and release the balance.

17. As a result, the total amount of the Attached Funds in New York is $958,668.72.

18. The Sincomex EFT is an EFT from charterers, Sincomex Pte, Ltd ("Sincomex), to owners (BM), in connection with a charter between Sincomex and BM ("Sincomex Charter"). LAST is not a party to this Sincomex Charter.

19. The Parshva EFT is a payment from Hua Dao to a bunker supplier in China to pay for bunkers supplied to the M/V Parshva, a vessel operated by BM, not LAST. LAST had nothing to do with the Parshva charter. Exhibit 4 is the remittance advice.

20. The BM Hope EFT is a payment from Hua Dao to the same bunker supplier in China to pay for bunkers supplied to the M/V BM Hope, a vessel operated by BM, not LAST. LAST had nothing to do with the BM Hope. Exhibit 5 is the remittance advice.

21. Accordingly, the Attached Funds are not electronic funds transfers to or from LAST or for the account of LAST. Rather, they constitute transfer to Hua Dao as agent for BM for a charter to which BM is a party and transfers by Hua Dao on behalf of BM, not LAST, to pay obligations of BM, not LAST. As above, payments to LAST or to BM are made to Hua Dao, as agents for LAST or BM, as the case may be.

22. In sum, Hua Dao acted at all times as an agent for LAST or BM, as the case may be. Hua Dao is not a party to the IRENE Arbitration. The Attached Funds are not property of Hua Dao or of LAST, but rather of BM.

23. I respectfully submit that the attachment of the Attached Funds should therefore be vacated.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at Hong Kong on this 6th day of November 2008.

