BLANK ROME LLP
Attorneys for Defendants
HUA DAO SHIPPING (FAR EAST) LTD.
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVI TRADING CO. LTD.

Plaintiff,

-against-

LAND AIR & SEA TRANSPORTED
LTD. and HUA DAO SHIPPING (FAR
EAST) LTD.,

Defendants.

08 CV 5005 (LAP)

**DECLARATION OF UMBERTO NARDI IN
SUPPORT OF MOTION TO VACATE
ATTACHMENT**

1.     I am Umberto Nardi , Managing Director of Intervenor BM Shipping Group SpA ("BM"), a company organized and existing under the laws of Italy, an office at 5, Viale da Verrazzano, Marina di Carrara 54036, Italy.

2.     I make this declaration in support of BM's motion to vacate the attachment of $958,668.72 in this matter ("Attached Funds") based on my personal knowledge and documents kept by BM in the regular course of its business.

3.     The Attached Funds are not property of Defendant Hua Dao Shipping (Far East) Ltd ("Hua Dao") or of Defendant Land Air & Sea Transport, Inc. ("LAST"). Rather, the Attached Funds are property of BM.

4.     Hua Dao provides commercial management services to the owners and operators of oceangoing vessels in world-wide trade in exchange for a management fee. BM is a customer of Hua Dao. LAST is a customer of Hua Dao. Hua Dao's agency status is well-known and

stated clearly on Hua Dao's website, www.huadaohk.com/huadao/about-us.  I understand a copy of this page is annexed as Exhibit 1 to the declaration of Mr. Saleem Ahmed Shahzada, the Managing Director of Hua Dao ("Hua Dao Declaration").

5.  BM is the parent of Hua Dao, as disclosed on the Hua Dao website, above.  In addition, BM's affiliation with Hua Dao is disclosed on the BM website, www.bmshipping.com/eng/bmgroup3.html, a copy of which I annex as Exhibit 1.

6.  I have seen Exhibit 2 to the Hua Dao Declaration and confirm on behalf of BM that it is a true and correct copy of the agency agreement dated February 1, 1997, between Hua Dao and BM ("BM Agency Agreement").

7.  I am generally aware of Plaintiff Devi Trading Co., Ltd. ("Devi"), a company organized and existing under the laws of Hong Kong.  BM has chartered at least one vessel to Devi in the past.  Since Devi is in Hong Kong, the charter is handled by Hua Dao, BM's agent in Hong Kong and for the Far East.

8.  As part of its duties to BM, Hua Dao charters vessels owned and/or operated by its principals and collects the freight earned under those charters.   Hua Dao also makes payments to companies who supply vessels operated by BM.  Hua Dao then accounts to BM from time to time.

9.  By a charter dated March 14, 2007, BM chartered the vessel JU BAO MEN from its owner, Hongyuan Shipping Co., Ltd. ("Hongyuan") on a long term time charter basis.

10.  By a charter dated April 30, 2008, BM chartered the JU BAO MEN on a voyage charter basis to Sincomex Pte. Ltd. of Singapore ("Sincomex Charter").  Exhibit 2 is a copy of the Sincomex Charter.  As called for in the BM Agency Agreement, BM required payment of amounts due from Sincomex under the Sincomex Charter to be made to Hua Dao.  See Clause 44 of the Sincomex Charter.

2

11.  On or about June 6th 2008, Sincomex initiated a transfer of the amount due BM Shipping under the Sincomex Charter in the amount of $ 807.580,84 ("Sincomex EFT").  It appears that this amount was restrained in New York by WACHOVIA BANK as a result of an attachment order obtained by Devi in this "Rule B" action.

12.  On or about June 10, 2008, Hua Dao originated a transfer of $59,907.52 ("Parshva EFT") to a bunker supplier in China to pay for bunkers purchased for and supplied to the M/V Parshva, a vessel operated by BM, not LAST.  The Parshva EFT was attached by JP Morgan Chase in New York as a result of the attachment order in this case.

13.  On or about June 12, 2008, Hua Dao originated a transfer of $256,611.00 to the same bunker supplier in China to pay for bunkers purchased for and supplied to the M/V BM Hope, a vessel operated by BM, not Last. The BM Hope EFT was attached by JP Morgan Chase as a result of the attachment order in this case.

14.  Devi instructed JP Morgan Chase to retain $91,172.95 of the BM Hope EFT.

15.  As a result, the Attached Funds are $958,668.72.

16.  I now understand that Devi has disputes with LAST under a charter of the Vessel IRENE ("IRENE Charter") and that Devi commenced arbitration and that those disputes are the basis of this Rule B action in New York.

17.  BM is not a party to the IRENE Charter.  Devi has not commenced arbitration against BM under the IRENE Charter or made any claims against BM with respect to the IRENE Charter, nor of course could it do so.  Devi has not named BM as a defendant in this Rule B action.

18.  Accordingly, the Attached Funds do not consist of any electronic funds transfers to or from LAST for charters to which LAST is a party.  Rather, the Attached Funds consist of

3

transfers to or from Hua Dao on behalf of BM in connection with ships operated by BM, not LAST. The Attached Funds are not property of Hua Dao or of LAST, but rather of BM, a non-party to this action.

19.     I respectfully submit that the attachment of the Attached Funds should therefore be vacated.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at Marina di Carrara, Italy, on this 6th day of November 2008.

4