BLANK ROME LLP
Attorneys for Defendant
HUA DAO SHIPPING (FAR EAST) LTD.
and Intervenor BM SHIPPING GROUP SPA
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVI TRADING CO. LTD.

Plaintiff,

08 CV 5005 (LAP)

-against-

LAND AIR & SEA TRANSPORTED LTD.
and HUA DAO SHIPPING (FAR EAST)
LTD.,

Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE ATTACHMENT

Of Counsel:

LeRoy Lambert (LL-3519)

BLANK ROME LLP
ATTORNEYS FOR HUA DAO SHIPPING (FAR EAST) LTD.
AND INTERVENOR BM SHIPPING GROUP SPA
THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174-0208
(212) 885-5000

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..............................................................................................................1

FACTS ...........................................................................................................................................3

ARGUMENT .................................................................................................................................5

POINT I ...........................................................................................................................................5

THE ATTACHMENT OF THE FUNDS SHOULD BE VACATED BECAUSE THE
FUNDS ARE "PROPERTY OF" BM, NOT OF EITHER DEFENDANT...............................5

POINT II ........................................................................................................................................8

THE ATTACHMENT SHOULD BE VACATED BECAUSE THE COMPLAINT
FAILS TO STATE A CAUSE OF ACTION AND/OR A "PRIMA FACIE VALID
ADMIRALTY CLAIM AGAINST DEFENDANT HUA DAO................................................8

CONCLUSION.............................................................................................................................11

# TABLE OF AUTHORITIES

Page

*AET Inc.v. Procuradoria de Servicos Martimos Cardoso & Fonesca*, 2006 U.S.
Dist. LEXIS 89628 (S.D.N.Y. December 7, 2006)........................................................6

*Aqua Stoli Shipping Ltd v. Gardner Smith Pty Ltd.*, 460 F.2d 434 (2d Cir. 2006)......2, 5, 8

*Chiquita International Limited v. M/V Bosse*, 518 F. Supp. 2d 589 (S.D.N.Y.
2007) .................................................................................................................................6

*Compania Sudamericana de Vapores, S.A. v. Sinochem Tianjin Co.*, 2007 U.S.
Dist. LEXIS 24737............................................................................................................4

*Consub Del. LLC v. Schahin Engenharia Limitada*, 2008 U.S. App. LEXIS 20097
(2d Cir. 2008)....................................................................................................................4

*Dolco Investments, Ltd. v. Moonriver Development Ltd.*, 486 F. Supp. 2d 261
(S.D.N.Y. 2007).......................................................................................................5, 9, 10

*Essar International Ltd v. Martrade Gulf Logistics*, 2007 U.S. Dist. LEXIS 61713
(S.D.N.Y. August 23, 2007) ...........................................................................................5

*Great Eastern Shipping Co. Ltd. v. Phoenix Shipping Corp.*, 2007 U.S. Dist.
LEXIS 88911 (S.D.N.Y. December 4, 2007) .................................................................6

*P.R. Ports Authority v. Barge KATY-B*, 427 F.3d 93 (1st Cir. 2005) .................................9

*Seamar Shipping Corp. v. Kremikovtzi Trade Ltd*, 461 F. Supp. 2d 222 (S.D.N.Y.
2006) .................................................................................................................................4

*The Shipping Corporation of Indi v. Jaldhi Overseas Pte. Ltd.*, 2008 U.S. Dist.
LEXIS 49209 (Rakoff, Judge) ........................................................................................4

*Winter Storm Shipping Ltd. v. TPI* , 310 F.3d 263 (2d Cir. 2002)........................................4

BLANK ROME LLP
Attorneys for Defendant HUA DAO SHIPPING (FAR EAST) LTD.
and Intervenor BM SHIPPING GROUP SPA
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVI TRADING CO. LTD.<br><br>          Plaintiff,<br><br>          -against-<br><br>LAND AIR & SEA TRANSPORTED LTD.<br>and HUA DAO SHIPPING (FAR EAST)<br>LTD.,<br><br>          Defendants. | 08 CV 5005 (LAP) |

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE ATTACHMENT

Intervenor BM Shipping Group SpA ("BM") and Defendant HUA DAO SHIPPING (FAR EAST) LTD. ("HUA DAO") respectfully submit this memorandum in support of their motion to vacate the attachment of $958,668.72 ("Funds") in this action. The Funds are held by Garnishees Wachovia Bank and JP Morgan Chase Bank ("Banks") pursuant to an Order of this Court obtained by Plaintiff Devi Trading Co. Ltd. ("Devi") directing the attachment of property of the defendants in this District ("Attachment Order") (Docket #6) pursuant to Supplemental Rule B for Admiralty Maritime Claims of the Federal Rules of Civil Procedure.

-2-

The Funds, however, are property of BM, a non-party. The Funds are not property of

Defendant Hua Dao, nor of Defendant Land, Air & Sea Transport, Ltd. ("LAST"). LAST has

not appeared in this action, although it is arbitrating with Devi the disputes between them.

BM intervenes in this matter and seeks the return of the Funds on the basis of

Supplemental Rule E(4)(f) which states (emphasis added):

> *Procedures for Release from Arrest or Attachment.* Whenever
> property is arrested or attached, *any person claiming an interest in*
> *it* shall be entitled to a prompt hearing at which the plaintiff shall
> be required to show why the arrest or attachment should not be
> vacated or other relief granted consistent with these rules.

Hua Dao moves to vacate the attachment on the ground that Devi has failed to state either

a claim against it upon which relief can be granted under F.R. Civ. P. 12(b)(6) or a "prima facie

valid admiralty claim" against it under *Aqua Stoli Shipping Ltd v. Gardner Smith Pty Ltd.*, 460

F.2d 434 (2d Cir. 2006).

## FACTS

BM's managing director, Umberto Nardi, has submitted a Declaration dated November 6,

2008 ("Nardi Dec.,"). Hua Dao's managing director, Saleem Ahmed Shahzada has submitted a

Declaration dated November 6, 2008 ("Saleem Dec.,"). These declarations show that the Funds

are "property" of BM, not of LAST or of Hua Dao.

Devi is based in Hong Kong. Complaint, ¶2; Saleem Dec., ¶6.

BM is based in Italy. Nardi Dec., ¶1.

LAST is located in Gibraltar. Complaint, ¶3.

Hua Dao is owned by BM, is located in Hong Kong, and acts as BM's agent in the Far

East. Nardi Dec., ¶¶4; Saleem Dec., ¶3 and Ex. 2.

Hua Dao also acts as an agent in Hong Kong for LAST under a separate agency

agreement. Saleem Dec., ¶5 and Ex. 3.

-3-

Both agency agreements provide that Hua Dao is to collect monies and make payments for Hua Dao's respective principals, BM and Hua Dao, and render accountings to them from time to time. Saleem Dec., ¶¶3-7 and Exs. 2 and 3. That Hua Dao acts as agent for both companies is stated on Hua Dao's website. Nardi Dec., ¶5 and Ex. 1. Saleem Dec., ¶2 and Ex. 1.

Devi chartered the vessel IRENE from LAST, not from Hua Dao or from BM ("IRENE Charter"). Saleem Dec., ¶8. As alleged in Paragraph 7 of the Complaint, the fixture note stated that Devi was to pay Hua Dao amounts which were due to LAST under the IRENE Charter.

Devi commenced arbitration against LAST, not Hua Dao or BM. Complaint, ¶8; Saleem Dec., ¶8-9. Devi, however, named Hua Dao as a defendant in this action as well as LAST.

The only substantive allegations relating to Hua Dao in the Complaint (Docket #4) are as follows:

> 4. Upon information and belief, at all material times, Defendant HUA DAO SHIPPING (FAR EAST) LIMITED ("HUA DAO") was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Hong Kong and was the beneficiary and recipient of all payments made by Plaintiff under the terms of the contract more fully described below.
>
> 7. The fixture note indicated that freight was to be paid to Defendant Hua Dao at its Hong Kong bank. This instruction to pay freight to Hua Dao was a standard instruction on fixtures between these the Plaintiff and Defendant LAST, and was the standard instruction on at least two other fixtures between these parties.

The Funds consist of one transfer in the amount of $807,580.84 which named Hua Dao as its beneficiary ("Sincomex EFT") and two transfers in the amounts of $59,907.52 ("Parshva EFT") and $91,172.95 ("BM Hope EFT"),[1] respectively. The latter two payments were

---

[1]      The full amount of the EFT was $256,611, but Devi instructed JP Morgan Chase to retain only $91,172.95 and to release the balance to avoid being secured for more than the amount of its claim. Saleem Dec., ¶¶15-16 and Exs 4 and 5.

-4-

originated by Hua Dao in order to pay a Chinese company which had supplied fuel to vessels

operated by BM, the Parshva and the BM Hope. Saleem Dec., ¶¶14-16, 19-20, and Exs. 4 and 5;

Nardi Dec., 12-13. The former was a payment to Hua Dao by the charterer of a vessel operated

by BM. Nardi Dec., ¶10-11 and Ex. 2; Saleem Dec., ¶¶13, 18; Exs. 4-5.

## ARGUMENT

### POINT I

## THE ATTACHMENT OF THE FUNDS SHOULD BE VACATED BECAUSE THE FUNDS ARE "PROPERTY OF" BM, NOT OF EITHER DEFENDANT

Under the holding of the Second Circuit in *Winter Storm Shipping Ltd. v. TPI* , 310 F.3d

263 (2d Cir. 2002), an electronic funds transfer ("EFT") in the hands of an intermediary bank in

New York may be attached as property of the originator. This holding was re-affirmed in

*Consub Del. LLC v. Schahin Engenharia Limitada*, 2008 U.S. App. LEXIS 20097 (2d Cir.

2008).[2]

In *Aqua Stoli Shipping Ltd v. Gardner Smith Pty Ltd.*, 460 F.2d 434 (2d Cir. 2006), the

Second Circuit made clear that Devi, the plaintiff, when faced with a motion to vacate under

Rule E(4)(f), as BM and Hua Dao now make, has the burden to show that the requirements of

---

[2]     In *Consub*, the Second Circuit stated that it did not have before it and was not deciding, whether an EFT to a defendant, i.e., one which named the defendant as a beneficiary was attachable "property" under Rule B of that defendant. *Consub*, 2008 U.S. App. LEXIS 20097 at 11-12 and footnote 1. At present, Judge Rakoff is the only judge to have vacated the attachment of a "beneficiary-EFT." Several other judges have declined to vacate attachments on this ground. Compare *Seamar Shipping Corp. v. Kremikovtzi Trade Ltd*, 461 F. Supp. 2d 222 (S.D.N.Y. 2006) and *The Shipping Corporation of Indi v. Jaldhi Overseas Pte. Ltd.*, 2008 U.S. Dist. LEXIS 49209 (Rakoff, Judge) (appeal pending) (holding, post-*Aqua Stoli*, that an EFT of which a defendant was the beneficiary, instead of the originator, was not "property of" the defendant subject to attachment under Supplemental Rule B) with *Compania Sudamericana de Vapores, S.A. v. Sinochem Tianjin Co.*, 2007 U.S. Dist. LEXIS 24737 (S.D.N.Y. April 4, 2007) (citing and summarizing the cases holding contrary to *Seamar* that an EFT was property subject to attachment of a defendant who was the EFT's beneficiary as well as of a defendant who was the EFT's originator). The issue is on appeal to the Second Circuit in *The Shipping Corporation of India v. Jaldhi Overseas Pte. Ltd*, Docket Numbers, 08-3477 (CV)(L) and 08-3758-CV (XAP). Oral argument is scheduled for January 2009. If the Court denies the instant motion to vacate, Hua Dao reserves its right to move to vacate the attachment of the Sincomex EFT in the event the Second Circuit sides with Judge Rakoff's view.

Rule B have been met. In the circumstances of this case, Plaintiff must show that the Funds are "property of" one or more the named Defendants, either LAST or Hua Dao, and that it has a "prima facie valid admiralty claim" against a defendant. *Id.* at 445; *accord Dolco Investments, Ltd. v. Moonriver Development Ltd.,* 486 F. Supp. 2d 261, 270 (S.D.N.Y. 2007).

The parties and the Court may of course look first at the identity of the parties named as the originator and the beneficiary. Here, there is no dispute a) that Hua Dao is named as the beneficiary of the Sincomex EFT and as the originator of the Parshva and the BM Hope EFT's, respectively, and b) that Hua Dao is a named defendant. But this inquiry is not necessarily dispositive of the question whose "property" the EFT is. A court still has to decide whether, in fact, the obligation which the EFT reflects on its surface is in fact "property" of a defendant and, further, if a defendant is properly a defendant with respect to the underlying claim. In deciding whose "property" an EFT is, the Court is not bound slavishly to decide the motion purely on the basis of identifying the nominal parties to the EFT and comparing them to the named defendants. Rather, a Court may, and if the attachment is challenged under Rule E(4)(f), we submit, the Court must, look at the underlying obligation.

For example, in *Essar Int'l Ltd v. Martrade Gulf Logistics*, 2007 U.S. Dist LEXIS 61713, \*4-5 (S.D.N.Y. August 23, 2007), Judge Pauley considered whether an EFT was property of a defendant, even though the defendant was neither the originator or the beneficiary. The remarks section of the remittance details stated that the remittance was made on behalf of the named defendant. Judge Pauley concluded that the defendant in fact had an attachable interest in the property because it was to pay a debt of the named defendant, even though the named defendant did not appear as either the originator or the beneficiary.

By contrast, in *AET Inc.v. Procuradoria de Servicos Martimos Cardoso & Fonesca*, 2006 U.S. Dist LEXIS 89628 (S.D.N.Y. December 7, 2006), the plaintiff asserted a claim against the defendant, a ship's agent in Brazil. Pursuant to the attachment order, an EFT which named the defendant agent as the beneficiary was attached. The defendant agent moved to vacate the attachment on the ground that the funds attached, although directed to the defendant agent, were not, in fact, its property, but rather belonged to its principals who remitted the funds to the defendant as advances to be applied in payment of amounts owed by the principals to other persons in Brazil. Judge Chin concluded that the agent/named defendant had an attachable property interest in the EFT's attached by plaintiff. At first glance, this decision might seem to support Devi. However, there is an important, and, we submit, outcome-altering fact here that was not the case there: AET's claim was indisputedly against the defendant agent for breach of an agency contract. Here, Devi's claim is indisputedly against LAST, not Hua Dao. It is, we submit, one thing to find no unfairness in attaching funds moving in the name of defendant against whom a plaintiff has in fact asserted a claim; it is quite another to attach funds moving in the name of a defendant against whom one has no substantive claim. Moreover, in *AET*, the agent moved to vacate the attachment, not, as here, the owner of the funds (BM).[3]

---

[3] In *Great Eastern Shipping Co. Ltd. v. Phoenix Shipping Corp.*, 2007 U.S. Dist. LEXIS 88911 (S.D.N.Y. December 4, 2007). Judge Cote admonished the maritime Bar to disclose contrary district court decisions in this rapidly developing field of Rule B cases, even though they are not "controlling." In *Chiquita International Limited v. M/V Bosse*, 518 F. Supp. 2d 589 (S.D.N.Y. 2007), plaintiff attached EFT's moving in the name of defendant Holy House Shipping, a managing agent of several vessels. Holy House moved to vacate the attachment on the ground that the funds attached were in fact funds relating to the activities of its principals, not its own. Judge Leisure decided not to vacate the attachment, relying on the broad definition of "property" which is to be applied in these Rule B cases. *Id.* at 593-94. In particular, he relied on the undisputed fact that the "funds were directed to or from defendant Holy House's bank accounts." *Id.* at 594. Unlike in *AET*, and as is the case here, the plaintiff's claim was against its contractual partner, the actual ship owner, not Holy House, the managing agent. However, Holy House made the motion to vacate, not, as here, the person claiming an interest in the funds, BM. Moreover, Judge Leisure's decision to uphold the attachment should be evaluated in light of his further decision holding that the defendants subsequently "abused the attachment process and took advantage of the ex parte nature of a Rule B order" when they filed a separate action and sought their own Rule B action against plaintiff instead of proceeding in the already existing action. With respect, and as Judge Leisure's reliance (*id.* at 594) on Judge Pauley's decision in *Essar* reveals, the inquiry does not, and should not, end with simply comparing the names of the originator and

Based on the Nardi and Saleem Declarations, it is clear that the EFT's which comprise

the Funds were EFT's made or received by Hua Dao as agent for BM, not LAST. Hua Dao's

status as agent for BM and LAST is open, known, and disclosed to all. There is nothing

nefarious about such agency relationships. Devi cannot meet its burden to show that the Funds

attached to date are "property" of LAST or of Hua Dao.[4]

## POINT II

# THE ATTACHMENT SHOULD BE VACATED
# BECAUSE THE COMPLAINT FAILS TO STATE A
# CAUSE OF ACTION AND/OR A "PRIMA FACIE
# VALID ADMIRALTY CLAIM AGAINST DEFENDANT
# HUA DAO

Devi alleges in ¶¶7-8 of the Complaint that the disputes between it and LAST arising

under the IRENE Charter are subject to arbitration and that Plaintiff has commenced arbitration

against LAST. This is correct. Saleem Dec., ¶8.

Tellingly, however, Devi has not commenced arbitration against Hua Dao for breach of

the IRENE Charter. Saleem Dec., ¶9. If the Court does not vacate the attachment of the Funds

at this time, if Devi succeeds in the arbitration against LAST, and if LAST does not pay the

award, then Devi will have to return to the Court and seek to enforce the award against the

Funds. In order to enforce the award against the Funds, it will have to prove that the Funds are

property of LAST. It will not be able to do so; the Funds are simply not property of LAST.

Accordingly (and assuming the Court holds and continues to hold that the Funds are also

attachable "property" of Hua Dao, which is denied), to enforce the award against the Funds, Devi

the beneficiary to the named defendants. Plaintiff must meet its burden to show that the defendant has an attachable
property interest in the EFT.

[4] Upon learning about this motion, Devi resumed service on the banks in New York.

128392.00602/6672511v.1

will have to allege and prove by a preponderance of evidence that Hua Dao is the "alter ego" of LAST such that property of Hua Dao should be available to satisfy debts of LAST.

In addition to showing that it has attached property belonging to a defendant, *Aqua Stoli* requires a plaintiff to show that it has a "prima facie valid admiralty claim" against a defendant. *Aqua Stoli*, 460 F.3d at 445. Whether Devi has asserted a prima facie admiralty claim against LAST is not the issue; the issue is whether it has asserted such a claim against Hua Dao. Moreover, Devi must also satisfy the requirements Fed.R.Civ.P. 12(b)(6) and state a claim against Hua Dao upon which relief can be granted. Based on the allegations of the Complaint, Devi has not met either of these requirements. The only allegations against Hua Dao are as follows:

> 5. Upon information and belief, at all material times, Defendant HUA DAO SHIPPING (FAR EAST) LIMITED ("HUA DAO") was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Hong Kong and was the beneficiary and recipient of all payments made by Plaintiff under the terms of the contract more fully described below.

> 8. The fixture note indicated that freight was to be paid to Defendant Hua Dao at its Hong Kong bank. This instruction to pay freight to Hua Dao was a standard instruction on fixtures between these the Plaintiff and Defendant LAST, and was the standard instruction on at least two other fixtures between these parties.

In *Dolco Investments Ltd v. Moonriver Development*, 486 F. Supp. 2d 261 (S.D.N.Y. 2007), Judge Sweet considered whether the plaintiff's alter ego allegations were sufficient to meet the "prima facie admiralty claim" requirement and held they were not. The allegations were as follows:

> Upon information and belief, defendant GML, from time to time, made payments to plaintiff to satisfy defendant Moonriver's debts and obligations under the Agreement and Oral Agreement.

> Upon information and belief, defendant Moonriver is the alter ego of defendant GML because GML so dominates, controls,

-9-

> and disregards Moonriver's corporate form to the extent that
> Moonriver is actually carrying on GML's business and operations
> as if the same were its own, or vice versa.

*Dolco,* 486 F. Supp. at 270. Judge Sweet found that these allegations were insufficient. His

reasoning speaks for itself and applies to the circumstances of the present case equally well:

> When not based on fraud, "veil-piercing claims are
> generally subject to the pleading requirements imposed by
> *Fed.R.Civ.P.8(a),* which requires only 'a short and plain statement
> of the claim showing that the pleader is entitled to relief.'" . . . Suits
> in admiralty are subject as well to *Fed.R.Civ.P.Supp. Rule E(2) (a),*
> which provides that:
>
>> In actions to which this rule is applicable the
>> complaint shall state the circumstances from which
>> the claim arises with such particularity that the
>> defendant or claimant will be able, without moving
>> for a more definite statement, to commence an
>> investigation of the facts and to frame a responsive
>> pleading.
>
> *Fed.R.Civ.P.Supp.Rule E(2)(a).*
>
> "This heightened pleading standard is not some pettifogging
> technicality meant to trap the unwary, but, rather, a legal rule
> designed to counterbalance the unique and drastic remedies that
> are available in in rem admiralty proceedings." *P.R. Ports Auth. v.
> Barge KATY-B, 427 F.3d 93, 105 (1st Cir. 2005)* (noting that
> "[o]rdinary notice pleading does not satisfy the stringencies of [the
> supplemental] rules"). To survive a motion to dismiss, Dolco
> "need only allege sufficient facts to support an inference that
> [GML] has so dominated and disregarded [Moonriver's] form" that
> GML, rather than Moonriver, conducted Moonriver's business. . . .
>
> Dolco fails to meet this burden because it has not included any
> factual allegations that GML exercised complete domination over
> Moonriver. Other than the conclusory allegation of domination, the
> Complaint and the Amended Complaint both allege that GML paid
> Moonriver's debts to Dolco "from time to time." (Compl. P 7; Am.
> Compl. P 10). Under the heightened standard of *Fed. R. Civ. P.
> Supp. Rule E(2)(a),* more is required.

486 F. Supp. at 272 (citations and footnotes otherwise omitted).

Here, Devi has not even made conclusory allegations that Hua Dao is the alter ego of Devi, much less factual allegations sufficient to support such a conclusion. Either the attachment of these Funds should be vacated because neither LAST nor Hua Dao have an attachable property interest in them, or, if the Court holds that that Hua Dao's nominal interest as either beneficiary or originator is sufficient, the attachment of these Funds should be vacated because the Complaint fails to state a prima facie valid admiralty claim against Hua Dao and the complaint against Hua Dao should be dismissed.

## CONCLUSION

The attachment of the Funds should be vacated and the Funds should be released to BM.

Dated: New York, New York
November 7, 2008

> BLANK ROME LLP
> Attorneys for B.M. Shipping Group, S.P.A.
> and Hua Dao Shipping (Far East) Ltd.
>
> By: _____
>
> LeRoy Lambert (LL 3519)
> The Chrysler Building
> 405 Lexington Avenue
> New York, NY 10174-0208
> Tel.: (212) 885-5000

-11-

128392.00602/6672511v.1